WfiieHT, J.,
delivered the' opinion of the Court.-
This is a motion to retax . costs.
Tucker was indicted for murder, and, upon the plea-of not guilty, was acquitted upon the merits of the case at the July Term, 1858, of the Circuit Court of Gibson county.
Upon the trial, Oaks was examined as a witness for the defendant, having been summoned for him. His fees amounted to $25-.00; and the clerk- having taxed them against the defendant, he and Oaks moved that they be taxed against the State, which the Circuit Court refused to do.
This judgment of the Circuit Court was, we think, correct. It is an established principle of the common law, that costs are not to- be recovered by the prisoner from the government. This principle hath always prevailed in this State. Even a statute which directs the county or State to pay costs, is to be expounded as limited to the costs of the prosecution, unless a further intention be shown to embrace the costs of the defendant. The State cannot be taxed with the prisoner’s costs by implication or conjecture. To do so, the intention must be clear. State v. Barton, 3 Hum., 13; Prince v. The State, 7 Hum., 137.
There is nothing in section 5581 of the Code, nor in any other section of that or the subsequent article, which changes this principle. It is true, that sections 5581 and 5582 do provide that any person tried for a public offence, and acquitted on the merits, shall pay no costs; and that in all other cases, the defendant shall pay the costs of witnesses summoned by him. And by section 5583, if the *557 ■defendant is convicted of a criminal offence, he shall pay .all the costs which have accrued in the cause.
It may not he very clear, from these sections taken alone, whether it was meant that where a person was tried for a public offence and acquitted on the merits, no judgment shall go against him for his own costs, leaving the parties to their remedies at common law; or whether judgment shall he rendered against the State or eounty for the same; or whether they shall remain unpaid altogether.
We are now only to decide as to the liability of the State. And section ’'5585 of the Code, :and subsequent sections of that and the next article plainly show that the common law principle remains unchanged.
There is not only an entire absence of any provision to charge the State, hut it is obvious no such thing was intended.
To demonstrate this, we need only refer to section 5585, which provides that the State or county, according to the nature .of the offence, pays the costs accrued on behalf of the State in the following cases:
1. When the .defendant is acquitted by the verdict of the jury upon the merits..
2. When the prosecution is dismissed, or a nolle pros-equi entered by the State. .
3. When the action has abated by the death of the defendant.
4. When the defendant is discharged by the Court or magistrate before indictment preferred or found, or aiter indictment and before verdict.
5 When the defendant has been convicted, hut the *558 execution issued upon the judgment has been returned “ nulla 'bona.”
This legislation, and indeed the entire legislation of these two articles of the Code, when all the sections are considered, are at war with the idea that the State is to be taxed with the defendant’s costs.
We are hound to suppose the doctrine so well established in 3 and 7 Humphreys, was familiar to the Legislature. ' If so, and the State was to be made liable to the defendant’s costs, how easy to have so said in express terms.
The judgment of the Circuit Court will be affirmed.